UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X

HERMAN BROTHERS,

                    Petitioner,

      -against-

UNITED STATES OF AMERICA,

                    Respondent,

------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
04-CV-1436(ERK)

Korman, Ch. J.

The petition for a writ of habeas corpus raises a number of grounds which are adequately addressed in the memorandum filed by the United States Attorney. I address them briefly here.

1.     Petitioner's reply to the United States Attorney's memorandum principally takes issue with the consideration of the hearsay testimony of Bryan Gibbs that was related by a DEA agent at the initial sentencing hearing. The hearsay related specifically to the issue of drug quantity. A review of the transcript of the sentencing proceeding on February 9, 2001, when petitioner was sentenced to twenty years, shows that I did not rely on hearsay statements of Mr. Gibbs. Instead, I relied on the trial testimony of Viola Nichols and other evidence that was introduced at trial. Tr. 54-58, February 9, 2001. See also United States Attorney Memorandum at p. 3-6. Specifically, I credited the testimony that petitioner and one of his accomplices was selling crack on New York Boulevard, Tr. 54, and that her testimony was corroborated by other evidence introduced at trial that was seized from the house of another accomplice. Tr. 55-56. Indeed, over the strenuous objection of the United States Attorney, I found the drug quantity to be no more than 50 grams of cocaine. Tr. 56.

If I had credited the hearsay testimony, the quantity would have been 15 kilograms of crack cocaine. Tr. 7, February 12, 1999.

2. Petitioner's ex post facto sentencing claim was raised and rejected at his initial sentencing, Tr. 30-32, February 12, 1999. I reject it again for those reasons and those set forth in the Memorandum of the United States Attorney at pp. 20-22.

3. Petitioner's claim that the evidence was insufficient to establish his guilt because it rested in while or part on accomplice testimony is frivolous. "The established safeguards of the Anglo-American legal system leave the veracity of a witness to be tested by cross-examination, and the credibility of his testimony to be determined by a properly instructed jury." Hoffa v. United States, 385 U.S. 293, 311.

4. Petitioner's claim that the superseding indictment on which he was tried was time-barred overlooks the fact that the statute of limitations was tolled because he was a fugitive. 18 U.S.C. § 3290. Thus, assuming the statute of limitations would otherwise constitute a defense to the superceding indictment, the defense could not have prevailed here. While it appears that the delayed superceding indictment is the only irregularity in the grand jury proceeding of which petitioner complains, he could not obtain relief based on other "irregularities" in the grand jury proceeding here. Bank of Nova Scotia v. United States, 487 U.S. 251 (1988); United States v. Mechanik, 475 U.S. 66 (1986).

The foregoing discussion makes it unnecessary to address petitioner's ineffective assistance of counsel claim that turns on the failure of either trial or appellate counsel to raise one or more of the foregoing issues.

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED:**

Brooklyn, New York
June 1, 2006

s/Edward R. Korman

Edward R. Korman
United States Chief District Judge